**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>            Plaintiff,<br><br>    v.<br><br>DAZ, et al.,<br><br>            Defendants. | Case No.: 1:26-cv-02207-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE REMAINING BALANCE OF THE FILING FEE WITHIN 30 DAYS<br><br>Docs. 2, 9 |

Denzell Magic Metcalf requested to proceed in forma pauperis in this action. Doc. 2. The Court initially granted the motion to proceed in forma pauperis on January 27, 2026. Doc. 6. Following additional review of Metcalf's litigation history, the magistrate judge found that Metcalf is subject to the three-strikes bar of 28 U.S.C. § 1915(g) and that the allegations "no not satisfy the imminent danger exception." Doc. 9 at 3; *see also id.* at 2-4. The magistrate judge found Metcalf "should be precluded from proceeding IFP in this action and must pay the $405 filing fee to litigate this action." *Id.* at 4. The magistrate judge vacated the order granting the application to proceed IFP and recommended the Court deny Metcalf's motion. *Id.*

Metcalf filed timely objections on April 8, 2026. Doc. 10. Metcalf does not dispute the finding that he incurred three strikes under § 1915(g) or argue that the imminent danger exception applies. Instead, he reports that "the court has taken money out of the plaintiff's account at Salinas Valley State Prison" and asks that the "money in his account [taken] towards credit for

the filing fee in this case be placed back into his account since he cannot file a suit." *Id.* at 1.

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, including the objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Although Metcalf requests a refund "since he cannot file a suit," the magistrate judge did not make any findings regarding the sufficiency of the pleadings or his ability to file suit. As there is no statutory basis to return funds previously paid, "the Court is unable to return the filing fee." *Silva v. Jackson*, 2025 WL 2432840, *1 (E.D. Cal. Aug. 22, 2025).

The Court **ORDERS**:

1. The findings and recommendations issued on March 24, 2026 (Doc. 9) are **ADOPTED** in full.

2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. Plaintiff's request for a refund is **DENIED**.

4. Plaintiff shall pay the $405 filing fee in full **within 30 days** of the date of service of this order.[1]

Failure to pay the filing fee will result in dismissal of the action without prejudice for failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   April 15, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] On March 25, 2026, Metcalf filed an Inmate Statement Report showing the balanced owed for this action was $54.50 with a reduced filing fee. *Metcalf v. Daz, et al.*, Case No. 1:26-cv-02207, Doc. 7 at 2. With the full filing fee of $405.00, the total owed is $109.50. As of March 25, 2026, Metcalf had sufficient funds in his account to cover this fee. *See id.* at 1.

2