UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF, | Case No.: 1:26-cv-02207 KES EGC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY FILING FEE |
| v. | |
| DAZ, et al., | |
| Defendants. | |

On April 16, 2026, the Court ordered Metcalf to pay the full filing fee after finding Metcalf had accrued three or more "strikes" under 28 U.S.C. § 1915 and failed to show he was under imminent danger of serious physical injury. Doc. 9. Despite the passage of more than 30 days, Metcalf has failed to pay the required $405 filing fee for this action.[1]

In finding dismissal is appropriate for the failure to pay the filing fee, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the

---

[1] Because Metcalf already paid a portion of the filing fee for this action, the Court noted that as of March 25, 2026, the "total owed is $109.80." *See* Doc. 9 at 2, n.1.

Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). The Court's warning to Metcalf that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Metcalf's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court ORDERS:

      1.     Metcalf's complaint is DISMISSED without prejudice.

      2.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 18, 2026   

                                                                               
UNITED STATES DISTRICT JUDGE

2